**Ralph J. MILLER, M.D., Plaintiff,**

v.

**INDIANA HOSPITAL, a corporation, et al., Defendants.**

Civ. A. No. 81–1091.

United States District Court,
W.D. Pennsylvania.

May 6, 1987.

ecutive Committee sent a letter to the Plaintiff, Dr. Ralph J. Miller, advising him that said Committee would recommend to the Defendant Indiana Hospital Board of Directors that Dr. Miller's medical staff privileges should be revoked for professional misconduct.

Doctor Miller demanded a hearing. A Hospital Hearing Committee consisting of three members of the Medical Staff and one member of the Dental Staff was appointed to hold a hearing for Dr. Miller. The hearing officer who presided at the hearing was also legal counsel for the hospital.

The hearing was held and the Hearing Committee recommended the revocation of Dr. Miller's staff privileges. The Defendant Hospital Executive Committee adopted the Hearing Committee's recommendation and the Plaintiff, Dr. Miller, took an appeal to the Defendant Hospital's Board of Directors.

After an adversary hearing, a Committee of four Hospital Directors affirmed the Executive Committee determination against Dr. Miller and subsequently the full Board of Hospital Directors adopted the decision and recommendation of the Committee of four Directors effectively terminating Plaintiff, Dr. Miller's hospital staff privileges.

The Plaintiff, Dr. Miller, thereupon filed for and was granted a preliminary injunction ex parte from the Court of Common Pleas of Indiana County (Civil Division, Equity No. 35 EQ 1977) alleging there was a lack of substantive and procedural due process of law at the administrative hearings. After a hearing, the Common Pleas Court dissolved the preliminary injunction, denied the Plaintiff, Dr. Miller a permanent injunction and found that Plaintiff, Dr. Miller was accorded a fair hearing supported by competent evidence at the defendant hospital's administrative proceeding.

Dr. Miller, Plaintiff herein, appealed the Common Pleas Court decision to the Pennsylvania Superior Court (*Miller v. Indiana Hospital*, 277 Pa. Super. 370, 419 A.2d 1191

Judd F. Crosby, Evans, Ivory, Moses, Hollander & MacVay, Pittsburgh, Pa., for plaintiff.

Larry A. Silverman, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendants.

## OPINION

SIMMONS, District Judge.

This litigation began on March 18, 1977, when the Defendant, Indiana Hospital Ex-

(1980)) wherein the decision of the lower court was affirmed. The Superior Court held:

  a) That the findings in the Administrative Hearing were supported by sufficient and competent evidence;

  b) That the doctor did not sustain his burden of showing that the hospital was a quasi-public agency and thus the defendant hospital's revocation of Plaintiff's staff privileges did not constitute State action so as to call into play the protection of the United States Constitution;

  c) That the doctor's staff privileges were revoked in a fair and impartial manner in accordance with the hospital by-laws; and

  d) Consequently, the Plaintiff, Dr. Miller was was not entitled to Injunctive Relief.

Dr. Miller moved the Superior Court for reargument which was denied. He then petitioned the Pennsylvania Supreme Court for the Allowance of an Appeal to that Court which was denied on October 1, 1980.

The heretofore described State litigation will be referred to as Miller I. The subsequent Federal litigation presided over by Judges Ziegler and Mansmann will be referred to as Miller II. The subsequent Federal litigation presided over by Judge Simmons will be referred to as Miller III.

An action was then brought by Plaintiff, Ralph J. Miller, M.D. in the United States District Court in the above captioned case, "to secure a permanent injunction requiring defendants to accept and process his application for medical staff privileges at the Indiana Hospital" and to award damages.

The original complaint was filed on July 2, 1981, and was in three counts. Count I was founded on the civil rights statutes, 42 U.S.C. § 1983 and 1985; Count II on the federal antitrust laws; and Count III on the state antitrust laws. *See Miller v. Indiana Hospital*, 562 F.Supp. 1259, 1270 (W.D.Pa.1983) hereinafter "Miller II"). (Opinion by Mansmann, J.)

In addition, as the Court noted in *Miller II*, the complaint, particularly in Count I, attempted to assert other pendent state claims, including: interference with a prospective business advantage (paragraph 17f); intentional infliction of mental distress (paragraph 17g); defamation (paragraph 17h); and invasion of privacy (paragraph 17h). The Court held in *Miller II*, however, however, that in order for plaintiff to retain these allegations "he must amend his complaint, setting each claim out as a separate count and setting forth the allegations in support thereof by some degree of specificity." *Id.* at 1270–1271 Such an amendment was never filed and these pendent state claims are no longer a part of this lawsuit.

The Hospital defendants filed an answer to the above-described complaint, setting forth numerous affirmative defenses. Thereafter, the Hospital defendants filed a motion for judgment on the pleadings. In a lengthy and scholarly opinion, Judge Mansmann dismissed Dr. Miller's civil rights claims under § 1983 and 1985 (Count I) (*See Miller v. Indiana Hospital*, 562 F.Supp. 1259 (W.D.Pa.1983) As noted above, the Court also held that in order for the pendent state claims (aside from the state antitrust claim) to remain in this litigation, plaintiff was required to amend his complaint, which was never done. Finally, the Mansmann, J. Court denied the Hospital defendant's motion for judgment on the antitrust counts of the complaint with leave to renew motions at a subsequent time.

Dr. Miller engaged in extensive discovery after the Court's opinion in Miller II, including: service of over 25 sets of interrogatories, numerous requests for production of documents, resulting in the production of well over 15,000 documents; 7 deposition of non-parties; and requests for admissions.

On December 19, 1984, Judge Mansmann in an Order supported by an opinion, dismissed the Count II Anti-Trust Claim of the Plaintiff, Dr. Miller, that was filed against the Commonwealth of Pennsylvania, Pennsylvania Department of Health and a employee of the Commonwealth of Pennsylvania, H. Arnold Miller, M.D., for

the reason that said Commonwealth Defendants were immune from federal anti-trust liability.

On December 20, 1984, the Miller II Court ordered that discovery be closed and that the remaining Hospital defendants file their Motion for Summary Judgment as to the remaining anti-trust counts no later than February 15, 1985.

The Federal Court action addressing the remaining Hospital Defendant's Summary Judgment Motion in regard to the Federal Anti-Trust Count II will be referred to as Miller III.

In an opinion filed by Simmons, J. (Miller III), on February 10, 1986, the Court followed the case of *Pontius v. Children's Hospital,* 552 F.Supp. 1352 (W.D.Pa.1982), and held that under the rule of reason standard, the Defendant Hospital was entitled to exclude Plaintiff Dr. Miller from its staff under the established facts and there is no anti-trust violation for a hospital's failure to grant staff privileges (even in the future) if the stated reason for the doctor's termination was because of his unprofessional conduct and if said stated reason or charge of unprofessional conduct is supported by substantial evidence.

After the Court (Miller III) determined on February 10, 1986, that the sole issue remaining in this action as to Count II of the Complaint is whether the Hospital's stated reason for terminating Dr. Miller's staff privileges are supported by substantial evidence, the Court directed Defendants to submit to the Court, the transcripts of the hearing held by the Indiana Hospital Hearing Committee addressing the revocation of Plaintiff's medical staff privileges, in order for the Court to determine whether the decision to terminate Plaintiff's Miller's staff privileges was in fact supported by substantial evidence.

■ "Substantial Evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951). In the instant case, the Court has carefully reviewed the whole record of the proceedings held by the Indiana Hospital Hearing Committee. Although a factual dispute exists in the testimony of witnesses supporting Dr. Miller's viz-a-viz the witnesses supporting the Indiana Hospital Executive Committee, there nevertheless exists substantial evidence in the record to support the conclusions of the Indiana Hospital Hearing Board.

Plaintiff argues that the standard for substantial evidence used at the Summary Judgment stage totally eliminates all safeguards designed to insure that a party injured under the Anti-Trust Law receives his day in Court. This Court disagrees relying on the Pontius case as follows:

> Thus we hold that in order to withstand a summary judgment on section 1 claims, alleged to arise out of a hospital's decision to terminate a physician's staff privilege, the plaintiff must demonstrate on the basis of the record before the hospital at the time of its decision, that the hospital lacked substantial evidence in support of its ultimate decision. Only then will a question of fact be raised as to the reasons for the hospital's action.

*Pontius,* supra at 1372.

Plaintiff attempts to draw this Court into an attempt to reconcile a substantial evidence standard viz-a-viz a weight of evidence standard, to determine this Summary Judgment Motion. However this Court as aforestated, will follow the position enunciated by Judge Cohill in Pontius, supra at 1372, where it is stated:

> Our holding does not dispense with the need for a trial in hospital privilege cases where a genuine question of fact, rather than law is presented. We do not believe, however, that the Sherman Act created the requirement of a de novo determination of medical staff privilege decisions by either a judge or a jury, if a hospital decides, following a hearing which meets the requirements of due process, to terminate a physician's staff privilege for reasons valid under the anti-trust laws, and those reasons are supported by substantial evidence, no factual question remains as to section 1 claims the "restraint" is a reasonable one. If,

on the other hand, the hospital's decision is not supported by substantial evidence, or the procedure used to reach the decision is substantially defective, a question of fact will be presented as to the reasons for the privilege decision. It is important to note that a mere showing that the reasons advanced by the hospital are not supported by substantial evidence will not prove a plaintiff's case for him. Such a plaintiff will still have to prove that the hospital's decision was motivated by an anticompetitive reason rather than a legitimate one.

Thorough review of the Hospital Administrative Hearing transcript by this Judge reveals that on February 16, 1977, a patient, who had been admitted through the emergency room to Dr. Miller's care, died. Dr. Melvin C. Williams, a member of the Indiana Hospital Executive Committee, sent a report to Dr. Richard Freda, the President of the Indiana Hospital Medical Staff, the next day, stating that Dr. Miller's care of the deceased patient was, "below that which would be acceptable in any hospital." Dr. Williams sent a letter to the Indiana Hospital Executive Committee on February 24, 1977, citing additional instances of inadequate care by Dr. Miller and formally requesting that Dr. Miller's medical staff privileges be suspended. Dr. Miller attending a meeting of the Indiana Hospital Executive Committee on February 26, 1977, at which time he refused to discuss the charges lodged against him. On March 18, 1977, the Indiana Hospital Executive Committee sent a written notice to Dr. Miller indicating that the Executive Committee would recommend to the Indiana Hospital Board of Directors, that Dr. Miller's medical staff privileges be revoked. Dr. Miller demanded a hearing. A hearing date was set by the Indiana Hospital's Executive Committee for June 15, 1977. Dr. Miller was given a list of the charges filed against him and a list of the witnesses who would be called to support the charges. Dr. Miller was represented by an attorney at all relevant times.

The Indiana Hospital Hearing Committee consisted of three members of the medical staff; one member of the dental staff and the hospital solicitor, who acted as hearing officer. Both Dr. Miller and the Indiana Hospital Executive Committee were represented by counsel.

The hearing lasted several days. Both Dr. Miller and the Indiana Hospital Executive Committee presented and cross-examined numerous witnesses in support of their respective positions. After the hearing was concluded, the Indiana Hospital Hearing Committee found that Dr. Miller had exhibited disruptive, insulting, intimidating, disrespectful, abusive and other improper behavior and unprofessional conduct towards other doctors, nurses and hospital personnel on many occasions. The Hearing Committee also found that Dr. Miller failed to request a medical consultation when needed and failed to order various tests and examinations necessary for the proper medical management of his patient.

■ This Court, finds as did two prior State Courts, that Dr. Miller's hearing which terminated his physician's staff privileges did in fact meet the requirements of both procedural and substantive due process of law and that in fact the reasons set forth by the defendants for the termination of Plaintiff's staff privileges are supported by substantial evidence. Plaintiff, Dr. Miller was dismissed in a fair and impartial manner and as aforestated he was accorded due process of law. Therefore, this Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment as to Count II, the federal anti-trust claim.

In the light of this Court's finding that in this anti-trust action, the rule of reason applied in the Federal anti-trust claim and that the stated actions of the defendants in dismissing the Plaintiff for unprofessional conduct was pro-competitive and was supported by substantial evidence, it is not necessary for this Court to discuss the applicability of the "Parker Doctrine". *See Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 and the Seventh and Ninth Circuit cases that hold that hospitals are entirely immune from anti-trust liabili-

ty for their medical staff decisions. *See Patrick v. Burget*, 800 F.2d 1498 (9th Cir. 1986) and *Marrese v. Interqual Inc.*, 748 F.2d 373 (7th Cir.1984); *cert denied* 472 U.S. 1027, 105 S.Ct. 3501, 87 L.Ed.2d 632 (1985).

It is also well to note that although the case of *Posner v. Lankenau Hospital*, 645 F.Supp. 1102 (E.D.Pa.1986) holds contrary to the "Parker Doctrine" that hospital actions generally are not immune from the anti-trust laws, the *Posner* case holds that the denial of medical staff privileges based on professional or ethical grounds as was the case, (Miller III) now before this Court is procompetitive action and not anti-competitive action and hence, such medical staff decisions pursuant to the rule of reason would not violate the anti-trust laws if the hospital staff decision is supported by substantial evidence. See page 1117 of *Posner* Supra where the Court states:

> An examination of the regulatory scheme does not reveal an intention to replace competition in the market for hospital medical staff positions among physicians with a regulatory structure. *The regulations provide that the denial of medical staff priviliges may only be based on professional or ethical grounds*; which could be viewed as pro-competitive, since it prohibits denials made for purely anticompetitive reasons. Most decisions which are made in any competitive job market are based on professional or ethical grounds. Allowing medical staffs to make hospital staffing decisions based on professional or ethical grounds is *not tantamount to an approval of anticompetitive conduct.*

█ We now turn to Count III of the Plaintiff's Complaint, i.e. his restraint of trade claim under the State anti-trust laws. As noted by Judge Mansmann at page 1286 of her Opinion (Miller II)—"In the event the federal claims are dismissed prior to trial, the state antitrust claim, as well as any other claims predicated upon pendent jurisdiction, may also be dismissed. *See Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3rd Cir.1976.)"

Since all of the Federal claims of the Plaintiff have been dismissed and for the further reason that this Court knows of no authority of any kind, common law and/or statutory, which supports the institution of this State anti-trust action in Pennsylvania, Count III of Plaintiff's Complaint will be dismissed.

An appropriate Order will be entered.

### ORDER

AND NOW, this 6th day of May, 1987, after consideration of the record, briefs and contentions of the parties, and for reasons set forth in the accompanying Opinion;

IT IS ORDERED that Plaintiff's renewed Motion for Summary Judgment be and the same is hereby DENIED; Defendants' renewed Motion for Summary Judgment be and the same is hereby GRANTED, and the above captioned case including all three counts of said Complaint and as to all named Defendants are dismissed with prejudice.