**Ralph J. MILLER, M.D., Appellant,**

v.

**INDIANA HOSPITAL, a corporation; Henry F. Hild; Donald F. Smith; William R. McMillen; John S. Simpson; Thomas S. Barbor; Samuel W. Jack, Jr.; Mrs. C. Fred Hildebrand; Mrs. Wanda M. Weyandt; Harry C. McCreary; C. Wilmer Johnston; George M. Evans; Donald S. Brody; Roger J. Reschini; Joseph Kovalchick; William G. Evans, M.D.; Melvin C. Williams, M.D.; Robert G. Goldstrohm, M.D.; David C. Hughes, M.D.; Ralph F. Waldo, M.D.; Herbert L. Hanna, M.D.; Richard N. Freda, M.D.; Frank Weiner, M.D.; Henry Mitchell, M.D.; Ralph R. Brown, M.D.; Commonwealth of Pennsylvania, Department of Health: H. Arnold Muller, M.D.**

No. 93–3398.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1 Dec. 23, 1993.

Decided Feb. 23, 1994.

Ralph J. Miller, M.D., appellant pro se.

Before: SLOVITER, Chief Judge, COWEN and LEWIS, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Chief Judge.

In this case the district court denied appellant's Motion to Lift Seal which in effect denied him access to the court records of his own lawsuit. Because we can find no justification for the initial closure of the record, nor for the order on appeal, we will reverse.

### I.

In July 1981, appellant Ralph Miller filed suit in federal court against the Indiana Hospital and various of its doctors and administrators alleging constitutional and antitrust violations stemming from the termination and subsequent denial of his staff privileges at the Hospital. On January 29, 1982, defendants, coincident with submitting their responses to Miller's first set of interrogatories, requests for admissions and production of documents, filed a motion to impound the record claiming that "[t]he details related to this action constitute private and confidential information which should not be disclosed to third parties or the general public." Although defendants filed allegations in support of its motion, those allegations were general in nature and set forth no specific details.[1]

---

1. The full text of the motion read:

   [Defendants] request this Court, for the following reasons, to enter an Order impounding the record in the within action and forbidding any individuals other than counsel of record and/or their designated and authorized representatives from viewing any pleadings, depositions, or court papers filed of record with the Clerk of Courts [sic] for the United States District Court for the Western District of Pennsylvania:
   1. The details related to this action constitute private and confidential information which should not be disclosed to third parties or the general public.
   2. The contentions of the parties, as reflected in discovery and other matters already disclosed and filed, and which will be disclosed and filed with this Court constitute private and confidential information of no use and/or value to third persons or the general public.
   3. In [a recent] case involving issues similar to those at bar, the parties filed a Consent Motion to Impound the Record and the court entered an Order directing the Clerk of Courts [sic] to send [sic] the record. A copy of the Consent Motion and Order of Court is attached hereto and marked as Exhibit "A".
   4. Defendants therefore move that the record and files in the above case be impounded to all persons except for counsel of record and/or counsel's designated and authorized representatives.

On February 8, without a hearing or even a response from Miller, the court entered an order directing the Clerk of the Court to "seal and secure all Court papers filed of record and to allow access to any such papers only by counsel of record and/or their authorized representatives. Access to the same records by any other person is prohibited and shall be allowed only by further Order of Court and upon good cause shown."

Although the order was never rescinded, the numerous decisions of the district court and the court of appeals in this case were published in the official reporters with the names of the parties listed and with references to, and quotations from, the complaint and response, transcripts of hearings, expert reports, depositions and affidavits filed in the case.[2] Indeed, on the parties second appearance in this court, the Clerk of the Court explicitly unsealed all portions of the record on appeal because no party had shown good cause for continuing to maintain a sealed record.

After final disposition of his claims, Miller sought access to a transcript of a status conference held before the district court during the course of the litigation. When he was informed that he could not obtain the material without a court order, Miller filed the motion seeking an order to lift the seal. The court denied the motion without explanation on July 15, 1993, and this timely *pro se* appeal follows.

## II.

■ The existence of a common law right of access to judicial records is beyond dispute. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir.1988); *United States v. Criden*, 648 F.2d 814, 819 (3d Cir.1981) (*Cri-*

*den I* ). This Court has made it clear that our "strong presumption" of openness does not permit the routine closing of judicial records to the public. The party seeking to seal any part of a judicial record bears the heavy burden of showing that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir.1984). A party who seeks to seal an *entire* record faces an even heavier burden.

While we have recognized that there are certain delineated areas where openness is not the norm, *see, e.g., Capital Cities Media, Inc. v. Chester,* 797 F.2d 1164 (3d Cir.1986) (in banc) (internal documents of administrative agencies); *First Amendment Coalition v. Judicial Inquiry & Review Bd.,* 784 F.2d 467 (3d Cir.1986) (in banc) (state judicial discipline proceedings); *Publicker,* 733 F.2d at 1073 (trade secrets); *United States v. Criden,* 681 F.2d 919, 921 (3d Cir.1982) (*Criden III* ) (material explicitly determined to be impermissibly injurious to third parties); *Criden I,* 648 F.2d at 829 (same), these cases are the exception.

■ In a case such as this, involving ordinary civil litigation, the district court, before taking such an unusual step, should have articulated the compelling countervailing interests to be protected, made specific findings on the record concerning the effects of disclosure, and provided an opportunity for interested third parties to be heard. *See Publicker,* 733 F.2d at 1072; *United States v. Raffoul,* 826 F.2d 218, 222–23 (3d Cir.1987).[3] Even if the initial sealing was justified, when there is a subsequent motion to remove such a seal, the district court should closely exam-

---

**2.** Miller's constitutional claims were dismissed early in the litigation. *See Miller v. Indiana Hosp.,* 562 F.Supp. 1259 (W.D.Pa.1983). The defendants eventually prevailed on summary judgment with respect to the antitrust claims as well. *See Miller v. Indiana Hosp.,* 660 F.Supp. 250 (W.D.Pa.1987) (granting summary judgment), *rev'd,* 843 F.2d 139 (3d Cir.1988), *cert. denied,* 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988), *on remand Miller v. Indiana Hosp.,* 1990 WL 105908 (W.D.Pa. Apr. 30, 1990) (granting summary judgment), *rev'd,* 930 F.2d 334 (3d Cir.1991), *on remand Miller v. Indiana Hosp.,*

814 F.Supp. 1254 (W.D.Pa.1992) (granting summary judgment), *aff'd mem.,* 975 F.2d 1550 (3d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1366, 122 L.Ed.2d 744 (1993), *reh'g denied,* —— U.S. ——, 113 S.Ct. 1883, 123 L.Ed.2d 501 (1993).

**3.** We note from the docket in the district court that on November 3, 1988, the journal *Medical Economics* petitioned for access to the record impounded in this case and that no action on that motion is reported.

ine whether circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail.

█ In this case, we see no reason to maintain the impoundment. The defendants have chosen not to appear to defend the district court's order, and the district court provided no findings as the basis for its decision. Under these circumstances, we conclude that it is incumbent upon us to direct the district court to unseal the record.

For the foregoing reasons, we will reverse the district court's order and remand for it to enter an order unsealing the record. Plaintiff to bear his own costs.